Samuel A. Weissmandl Village Administrator, New Square
You have asked whether one person may hold simultaneously the positions of village attorney and village justice. You have explained that since the question involves the village attorney, you have been instructed by the village board of trustees to request this opinion on behalf of the village. On this basis we will respond.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The village attorney is the legal advisor to the village and can be made responsible for the prosecution of violations of village regulations. You have indicated that at the present time these prosecutions are handled by the district attorney's office but that you are contemplating the prosecution of building code violations by the village attorney.
The Rules of Judicial Conduct provide that a part-time judge may not participate directly or indirectly as a lawyer in any contested action or proceeding in the court where he or she serves (22 NYCRR 25.40[c]). This provision prohibits a village court justice from prosecuting violations of village regulations in village court even if another village justice hears the case.
Even if the village attorney does not prosecute local regulations, he may not as village justice preside over actions involving the violation of village regulations (Code of Judicial Conduct, Canon 3[C][1]). A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned, including instances where he has a personal bias or prejudice concerning a party (ibid.).
We have found, however, that where a municipal attorney or his office has no responsibility for the prosecution of violations of local regulations and where other justices are available to preside over these matters, he may also serve as a local court judge (1982 Op Atty Gen [Inf] 136).
We conclude that a village attorney may not also serve as village court justice unless he does not represent the village in that court and there are other justices who can preside over matters involving the village.